**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-19-HRW

RICKY L. BARNARD                                          PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

GARY BECKSTROM, ET AL.                                   DEFENDANTS

Currently before the Court for consideration are the following pleadings:

(1) The "Objections to Answer" [Record No. 10] filed by Ricky L. Barnard, the *pro se* plaintiff [1];

(2) the "Motion to Dismiss" [Record No. 11], filed by the plaintiff;

(3) the "Response to Motion to Dismiss" [Record No. 12], filed by Defendants: (a) Prison Health Services, Inc.("PHS"); (b) Denise Black, Nurse at the LSCC; and (c) Jennifer Gilliam, Nurse at the LSCC;

(4) The "Motion to Dismiss" [Record No. 13] filed by Defendants PHS, Black and Gilliam; and

(5) The plaintiff's "Reply" [Record No. 13] to Defendants

---

[1] The Plaintiff is in state custody. His current address is listed as the Little Sandy Correctional Complex ("LSCC"), Route 5, P.O. Box 1000, Sandy Hook, Kentucky.

PHS, Black and Gilliam's Response to the plaintiff's "Motion to Dismiss."

### FACTUAL BACKGROUND
#### 1. State Court Complaint

On January 4, 2007, the plaintiff filed a *pro se* civil rights action pursuant to 42 U.S.C. §1983 in the Elliott Circuit Court, being Civil Action No. 07-CI-0002, *Ricky L. Barnard v. Gary Beckstrom, Warden, et al.* ("the Elliott Circuit Court Action").[2] The complaint was sixty-six (66) pages long. The plaintiff attached one hundred twenty-five (125) pages of exhibits to his complaint [*see* Record Nos. 1-4 through 1-9]. He complained about numerous conditions of his confinement at the LSCC, including but not limited to his medical treatment at the prison.

On February 12, 2007, Defendants Gary Beckstrom and Thomas Buckler filed an Answer to Barnard's state court complaint. Defendants Beckstrom and Buckler filed their Answer in the Elliott Circuit Court Action [*see* Record No. 1, Attachment No. 7] [3]

#### 2. Removal and Objection [Record Nos. 1-5]

On February 23, 2007, Defendants Jennifer Gilliam, PHS, and Denise Black, by and through counsel, removed the Elliott Circuit Court Action to this Court under the provisions of 28 U.S.C. §1441

---

[2] The plaintiff named five defendants. They are as follows: (1) Gary Beckstrom, Warden of the LSCC; (2) Prison Health Services, Inc. ("PHS"); (3) Denise Black, Nurse at the LSCC; (4) Thomas Buckler, Lieutenant at the LSCC; and (5) Jennifer Gilliam, Nurse at the LSCC.

[3] Obviously, because the plaintiff's cause of action had not yet been removed to this Court, Defendants Beckstrom and Buckler filed their Answer in the Elliott Circuit Court Action.

2

[*see* Record No.1]. On February 27, 2007, this Court entered an Order in which it: (1) acknowledged that it had jurisdiction over the removed complaint and (2) sustained the removal [Record No. 3]. On March 7, 2007, the plaintiff made his objection to the removal known by filing a "Motion for Extension of Time in which to Strike Defendants' Answer and/or File An Objection to the Defendants' Answer" [Record No. 4]. On March 21, 2007, the Court denied that motion [*see* Scheduling Order, Record No. 8, p. 2, ¶ 1].

      3.   <u>Answer filed in this Court [Record No. 6]</u>

Subsequent to the removal of the complaint, these same defendants filed an Answer in this proceeding on March 12, 2007 [Record No. 6]. In the Certificate of Service, Hon. Aaron D. Reedy of the Lexington, Kentucky law firm of Hurt, Crosbie and May, PLLC, counsel for Defendants PHS, Gilliam, and Black, clearly explained that he was transmitting the Answer to the Clerk of this Court by electronic means on March 12, 2007 [*Id.*, p. 5]. The Answer was undeniably docketed by the Clerk of this Court as having been filed on March 12, 2007 [*Id.*]. Attorney Reedy further stated in the Certificate of Service that on March 13, 2007 (the following day), he would be serving by United States Mail a copy of the Answer on the plaintiff at his address at the LSCC [*Id.*, pp. 5-6].

      4.   <u>Objection to Answer and Response [Record Nos. 10 -13]</u>

On March 30, 2007, the plaintiff filed an Objection [Record No. 10] to the Answer filed by Defendants PHS, Gilliam, and Black, claiming that it was untimely under Fed. R. Civ. P. 12(a).

3

Specifically, Barnard argued that these three defendants were actually served with the summons and complaint in the Elliott Circuit Court Action on February 20, 2007. He contends that because the defendants did not mail him his copy until the twenty-first day (March **13**, 2007), the Answer which they filed in this proceeding on March **12**, 2007, was untimely. He filed a motion asking the Court to either dismiss or strike the Answer filed by Defendants PHS, Gilliam, and Black [Record No. 11].

The defendants filed a Response [Record No. 12]. They argue that their Answer was timely filed in this Court on March 12, 2007, the twentieth day after they were served (February 20, 2007). They contend that filing the Answer on the due date was adequate compliance with Fed. R. Civ. P. 12(a). They further contend that the fact that their counsel physically placed Plaintiff's copy of the Answer in the United States mail on March 13, 2007, did not prejudice the plaintiff in any respect, even were the Court to determine that the Answer was <u>served</u> one day late.

The plaintiff thereafter filed an "Objection to the Defendants' Response" [Record No. 14] in which he again reiterated that the defendants' Answer was late. He contends that the defendants failed to show excusable neglect for their delay in serving him.

    5.  <u>Defendants' Motion to Dismiss [Record No. 14]</u>

On April 3, 2007, Defendants Gilliam, PHS, and Black filed a "Motion to Dismiss" the complaint which Barnard had originally filed in the Elliott Circuit Court Action [*see* Record No.13]. The

4

defendants argue that the plaintiff's sixty-six page complaint, and accompanying 125 pages of exhibits, violates the letter and spirit of Fed. R. Civ. P 8(a), which requires that pleadings be "short" and "plain," and Rule 8(e) requires each averment to be "simple, concise and direct." They argue that the plaintiff's overly detailed submission is confusing and ambiguous. The plaintiff has filed no response to the defendants' motion to dismiss.

## DISCUSSION
### 1. Plaintiff's Motion to Dismiss/Strike [Record No. 11]

The Court must deny the plaintiff's Motion to Dismiss. The Court agrees with the defendants that because the Answer was filed in the Court record on the twentieth day, March 12, 2007, it was a timely submission under Fed. R. Civ. P. 12. As for the fact that the defendants' counsel *mailed* a copy of said Answer to the plaintiff on the following day (and specifically noted in the Certificate of Service that he was going to do so), the plaintiff cannot show a scintilla of prejudice resulting from the 24-hour delay.

The case law requires a showing of prejudice resulting from delay. *See Taylor v. Ruffino*, 1994 WL 84932 (6th Cir. Mar. 11, 1994) (unpublished order) (habeas relief not warranted where petitioner failed to show that revocation hearing delay actually prejudiced him); *Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 837 (5th Cir.1993) (154-day delay between arrest and final hearing did not violate due process absent showing of prejudice); *Prince v. Straub*, 78 Fed. Appx. 440, *442 (6th Cir

5

(Mich.) September 12, 2003) (not selected for publication in the Federal Reporter); *Harris v. Day*, 649 F.2d 755, 761-62 (10th Cir.1981) (showing of prejudice required with delay in holding a parolee's parole revocation hearing after execution of a parole warrant). Here, Plaintiff Barnard's motion on this issue is not meritorious and will be denied.

2. Defendants' Motion to Dismiss [Record No. 13]

A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement. *Vakalis v. Shawmut Corp.*, 925 F.2d 34, 36 (1st Cir.1991); *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir.1988). *See* Fed. R. Civ. P. 41(b).

While a party is entitled to state his claims and arguments, he must observe a reasonable degree of brevity. Here, Plaintiff Barnard asks Court and the named defendants to consider sixty-six (66) pages of material, plus one hundred twenty-five (125) pages of supplemental exhibits. The complaint reads more like a rambling stream of consciousness, as opposed to an organized and concise statement of his legal claims.

In *Barsella v. United States*, 135 F .R. D. 64, 66 (S.D. N.Y. 1991), the district court in New York aptly described the problem with submissions similar to the plaintiff's 191-page initiating document. "[C]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far

6

removed from the heart of the claim do not comport with these goals [Fed. R. Civ. P. 8] and this system and must be dismissed (citations omitted)."

The Court would be acting within its rights by dismissing the entire complaint as being in violation of Fed. R. Civ. P. 8(a) and (e). See *Burton v. Peartree*, 326 F. Supp. 755, 758 (E. D. Penn. 1971) ("Burton, proceeding pro se, has filed a lengthy and rambling complaint which contains little more than demands, charges, and conclusions. The complaint is not a short and plain statement of the case and flagrantly violates Fed. R. Civ. P. 8. On this ground alone the complaint may be dismissed. *Koll v. Wayzata State Bank*, 397 F.2d 124 (8 Cir. 1968), *United States ex rel. Holland v. Maroney*, 299 F. Supp. 262 (W. D. Pa.1969))."

The Court will deny the defendants' Motion to Dismiss and will give the *pro se* plaintiff some latitude and leniency. He will be given twenty (20) days from the date of entry of this Order in which to submit an edited Amended Complaint in which he should **succinctly** set forth the bare-bones facts. Specifically, he is directed to organize his Amended Complaint as follows:

(1) Identify and number (#1,# 2,# 3) each specific incident and date on which it occurred.

(2) Identify all defendants associated with each alleged claim.

(3) Explain the facts of the alleged event in **two short sentences**.

7

(4) Identify what right was violated, *i.e.* Eighth Amendment, Fourteenth Amendment.

(5) Identify the date on which each separate claim occurred.

(6) Identify the specific exhaustion efforts employed regarding **each specific claim listed in ¶ 1-5** and state the **date** on which each and every exhaustion effort was undertaken, **AND** the result of each step of the exhaustion process.

(7) The Amended Complaint should be no more than **twelve** (12) pages long.

The plaintiff is directed to refrain from engaging in commentary about his subjective thoughts as to how and why his claims arose. The Court will not consider such extraneous material. At this time, the Court requires the plaintiff to convey the basic information concerning his claims in a manner that conforms to Fed. R. Civ. P. 8 (a) and (e).[4] The plaintiff is instructed to strictly observe the page limitation and other limitations listed herein.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) The "Motion to Dismiss" [Record No. 11], filed by the plaintiff is **DENIED**.

(2) The "Motion to Dismiss" [Record No. 13] filed by Defendants PHS, Black and Gilliam is **DENIED**.

---

[4] Fed. R. Civ. P. 81(c) provides that the Federal Rules of Civil Procedure apply to any action properly before a district court. This matter has been removed to this Court from state court. Therefore, this action, though originally filed in state court, is now governed by the Federal Rules, including but not limited to Rule 8(a) and (e).

(3   The petitioner is granted twenty (20) days from the date of entry of this Order in which to submit an edited, Amended Complaint organized in the following manner:

> (A) Identify and number (#1,# 2,# 3) each specific incident which allegedly occurred.
>
> (B) Identify all defendants associated with each alleged claim.
>
> (C) Explain the facts of the alleged event in **two short sentences**.
>
> (D) Identify what right was violated, *i.e.* Eighth Amendment, Fourteenth Amendment, or Kentucky regulation or constitutional provision
>
> (E) Identify the **date** on which each separate claim occurred.
>
> (F) Identify the specific exhaustion efforts employed regarding **each specific claim listed in ¶ A-E** and state the **date** on which each and every exhaustion effort was undertaken, **AND** the result of each step of the exhaustion process.
>
> (G) The Amended Complaint should be no more than **twelve** (12) pages long.

(4)  Plaintiff's failure to comply with this directive will subject him to appropriate sanctions and further Orders of the Court, including possible dismissal of his claims.

This the 29th day of May, 2007.



**Signed By:**

*Joseph M. Hood*

**United States District Judge**